**Kalvin MARSHALL, Plaintiff— Appellant,**

v.

**Doctor ABBASI, Medical Doctor; Ms. Stazewski, Medical Nurse, Defendants—Appellees.**

No. 04–7045.

United States Court of Appeals, Fourth Circuit.

Submitted Sept. 16, 2004.

Decided Sept. 24, 2004.

Kalvin Marshall, Appellant pro se. John David McChesney, Rawls & McNelis, P.C., Richmond, Virginia, for Appellees.

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kalvin Marshall appeals the district court's orders denying relief on his 42 U.S.C. § 1983 (2000) complaint.[1] We have reviewed the record and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court.[2] See Marshall v. Abbasi, No. CA–02–517–GBL (E.D. Va. Sept. 17, 2003 & June 3, 2004).[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

1. Marshall's failure to present argument in his informal brief as to the district court's dismissal of his claims against Ms. Stazewski results in waiver of those claims on appeal. See Local Rule 34(b).

2. While the district court applied the standards governed by the Eighth Amendment's prohibition against cruel and unusual punishment, as a pretrial detainee, Marshall's claim of inadequate medical care is governed by the Due Process Clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.

16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). However, with respect to claims of deliberate indifference to medical needs, a pretrial detainee's due process rights are coextensive with a convicted prisoner's Eighth Amendment rights. Hill v. Nicodemus, 979 F.2d 987, 990–92 (4th Cir.1992).

3. To the extent Marshall seeks to raise claims on appeal not first presented to the district court, we decline to consider those claims.